# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------X

SHEUK LAM,

                                     Plaintiff,

          -Against-

INFORMA SUPPORT SERVICES, INC.,
KENNETH A. ERIKSON, and MARC LEVINE,

                                 Defendants.

---------------------------------------------------------------X

Index No.:

Date Purchased:

**SUMMONS**

Plaintiff's Address:
18 Stanhope Street Apt. 4B
Brooklyn, NY 11221

        To the above-named defendants:

        **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to your within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

        Plaintiff designates New York County as the place of venue on the basis that the cause of action arose in New York County, and because Defendant Informa Support Services, Inc. maintains an office at 605 Third Avenue, New York, NY 10158, which is located in New York County.

Dated: March 26, 2020
       Flushing, NY

                                       Steven T. Beard, Esq.
                                       Coran Ober P.C.
                                       Attorneys for Plaintiff
                                       25-02 Francis Lewis Boulevard
                                       Flushing, NY 11358
                                       (718) 767-1177

To:    Informa Support Services, Inc.
        101 Paramount Drive, Suite 100
        Sarasota, FL 34232

        Kenneth A. Erikson
        7360 Crowther CV
        Memphis, TN 38119

Marc Levine
101 Paramount Drive, Suite 100
Sarasota, FL 34232

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X   Index No.:
SHEUK LAM,

         Plaintiff,       **VERIFIED COMPLAINT**

    -Against-

INFORMA SUPPORT SERVICES, INC.,
KENNETH A. ERIKSON, and MARC LEVINE,

         Defendants.
-----------------------------------------------------------------X

   Plaintiff Sheuk Lam, by their attorneys, Coran Ober P.C., complaining of the Defendants,

respectfully alleges:

## I. PARTIES

   1.    Plaintiff Sheuk Lam a/k/a Lisa Lam ("Plaintiff") is a natural person residing at 18

Stanhope Street, Apt. 4B, Brooklyn, NY 11221.

   2.    Defendant Informa Support Services, Inc. is a Delaware corporation duly

authorized to transact business in the State of New York with a principal place of business

located at 101 Paramount Drive, Suite 100, Sarasota, FL 34232.

   3.    Defendant Kenneth A. Erikson is a natural person residing at 7360 Crowther CV,

Memphis, TN 38119.

   4.    Defendant Marc Levine is a natural person with a principal place of business

located at 101 Paramount Drive, Suite 100, Sarasota, FL 34232.

## II. JURISDICTION AND VENUE

   5.    This court has jurisdiction pursuant to, among other provisions, CPLR § 301.

   6.    The Defendants are subject to the personal jurisdiction of this Court pursuant to

CPLR § 302.

3

7.    The amount of money sought to be recovered in this within action is greater than $25,000.00.

8.    Plaintiff also seeks declaratory and equitable relief not available from any lower court.

9.    Venue is proper in New York County because the cause of action arose in New York County and because Defendant Informa Support Services, Inc. maintains an office at 605 Third Avenue, New York, NY 10158, which is located in New York County.

### III. FACTS COMMON TO ALL CAUSES OF ACTION

10.    Defendant Informa Support Services, Inc. ("Informa") is a business that provides a plethora of services in business intelligence, market research, and other matters.

11.    Defendant Kenneth A. Erikson is employed by Defendant Informa and/or a related entity under the control of or under the common ownership and control with Defendant Informa.

12.    Upon information and belief, that at all times relevant Defendant Kenneth A. Erikson was employed in a supervisory and/or managerial position with Defendant Informa and/or a related entity under the control of or under the common ownership and control with Defendant Informa.

13.    Upon information and belief, Defendant Kenneth A. Erikson is an officer of Defendant Informa and/or a related entity under the control of or under the common ownership and control with Defendant Informa.

14.    Upon information and belief, at all relevant times, Defendant Kenneth A. Erikson was an individual who actively participated in the business of the Defendants, exercised substantial control over the functions of the employees of the Defendants, including the Plaintiff,

4

and acted directly or indirectly in the interest of an employer.

15.     Upon information and belief, at all relevant times, Defendant Kenneth A. Erikson had the capacity on behalf of the Defendants to establish the wages and hours of the employees of the Defendants, including the Plaintiff.

16.     Defendant Marc Levine is employed by Defendant Informa and/or a related entity under the control of or under the common ownership and control with Defendant Informa.

17.     Upon information and belief, that at all times relevant Defendant Marc Levine was employed in a supervisory and/or managerial position with Defendant Informa and/or a related entity under the control of or under the common ownership and control with Defendant Informa.

18.     Upon information and belief, Defendant Marc Levine is an officer of Defendant Informa and/or a related entity under the control of or under the common ownership and control with Defendant Informa.

19.     Upon information and belief, Defendant Marc Levine is the chief executive officer of Defendant Informa.

20.     Upon information and belief, at all relevant times, Defendant Marc Levine was an individual who actively participated in the business of the Defendants, exercised substantial control over the functions of the employees of the Defendants, including the Plaintiff, and acted directly or indirectly in the interest of an employer.

21.     Upon information and belief, at all relevant times, Defendant Marc Levine had the capacity on behalf of the Defendants to establish the wages and hours of the employees of the Defendants, including the Plaintiff.

22.     The Defendants are associated and are joint employers, act in the interest of each other with respect to the employees of the Defendants, have common policies and practices as to

5

wages and hours, have the authority to direct the activities and duties of the Defendants'
employees, have authority to hire and fire employees of Defendants, and share control over the
Defendants' employees.

23.     Upon information and belief, Defendants have four or more employees in their
employ.

24.     In or around July 17, 2018, Defendants hired Plaintiff.

25.     Between July 17, 2018 through approximately April 1, 2019, Plaintiff was
employed by Defendants.

26.     Plaintiff was hired by Defendants as non-exempt employee within the meaning of
the New York Labor Law, earning an hourly wage.

27.     Plaintiff was employed with the Defendants' customer success unit, helping to
ensure that customers of Defendants stay engaged.

28.     Plaintiff was a good and valuable employee throughout the term of her
employment with Defendants.

29.     During the time that Plaintiff was employed with Defendants, Plaintiff was
continuously subjected to a hostile work environment and discriminatory treatment on account of
her race, gender, and disability.

30.     Throughout the time that Plaintiff was employed with the Defendants, Defendant
Kenneth A. Eriksen subjected all women employed with Defendants to offensive and insensitive
remarks, and would intentionally divert job duties and responsibilities away from female
employees to male employees, who were not subject to the Defendant Eriksen's offensive
remarks.

31.     In fact, during Plaintiff's employment, Defendant Eriksen verbally expressed his

6

displeasures in working with women.

32.     Throughout the time that Plaintiff was employed with the Defendants, Defendant Kenneth A. Eriksen subjected all persons of color employed with Defendants to offensive and insensitive remarks, including Asian American employees such as Plaintiff.

33.     Defendant Kenneth A. Eriksen directed that Defendants lay off Asian American women and/or eliminate job positions held by Asian American women, who were either replaced or had their duties reassigned to positions held by white women.

34.     In fact, nearly a month after being employed by Defendants, Plaintiff observed the Defendants terminate an Asian American employee, who had been told the position was being eliminated.

35.     On one occasion, Defendant Kenneth A. Erikson engaged in discriminatory conduct against multiple employees with offensive name calling during a major Jewish holiday.

36.     Plaintiff noticed during the course of her employment that any time a woman of color was to leave Defendants' employ, whether it was voluntary or a result of termination, such employees would be replaced by white women.

37.     Defendants hostility to Plaintiff became aggravated after Plaintiff took a few days off in December 2018 and January 2019 due to a back injury.

38.     In September 2018, Plaintiff had been involved in a car accident which resulted in Plaintiff injuring her back. After several days in the hospital in September 2018, Plaintiff had managed the pain while working with Defendants, as she was able to manage her back injury until December 2018, when the cold weather and incoming winter season resulted in a substantial increase in chronic back pain necessitating urgent treatment. Plaintiff had to take several days off in December 2018, January 2019, and February 2019 as part of the treatment for

7

her back injuries.

39. Plaintiff had informed Defendants that she was taking off in order to treat her back injury.

40. Defendant Kenneth A. Eriksen's discriminatory and harmful conduct towards Plaintiff increased after Plaintiff had taken days off in December 2018 to receive her back treatment.

41. As a result of the discriminatory and hostile behavior directed to Plaintiff by Defendant Kenneth A. Erikson during the time that Plaintiff had been employed with Defendants, in December 2018, Plaintiff filed a complaint with Defendants' Human Resources Department.

42. At no time did Defendants ever indicate to Plaintiff that they did had any issues with her work performance, nor did they ever file any formal complaint or grievance against Plaintiff. In fact, Plaintiff received a $1,500.00 bonus in January 2019.

43. Defendants' would inform Plaintiff on April 1, 2019 that they had completed their investigation into Plaintiff's complaint, that they did not find any wrong doing by Defendant Kenneth A. Erikson, and that Plaintiff was being terminated from her employment with Defendants.

44. Plaintiff complained to Defendants numerous times about the racially hostile treatment being received by co-workers and customers.

45. After Plaintiff numerous complaints about the hostile treatment received during the course of his employment with Defendants, Defendants terminated Plaintiff's employment on June 7, 2016.

46. Upon information and belief, all Defendants collectively made the decision to

8

Case 1:20-cv-10199-JPC    Document 1-1    Filed 12/03/20    Page 10 of 27

terminate the employment of Plaintiff after her numerous complaints of racial, gender, and disability discrimination at the workplace.

47.     On or about April 1, 2019, Plaintiff's employment with Defendants was callously terminated in retaliation for Plaintiff's complaints of a hostile work environment.

48.     Defendants knew that Plaintiff was being subject to discriminatory behavior by Defendant Kenneth A. Erikson on account of Plaintiff's racial and gender identities, and her status as a person with a disability, and Defendants consciously chose to ignore the issue.

49.     Defendants conducted herein created a hostile work environment.

50.     Defendants conduct in terminating the employment of Plaintiff was in retaliation of Plaintiff making complaints of a hostile work environment against Asian American women and persons with disabilities.

51.     Defendants' actions and conduct were intentional and intended to harm the Plaintiff.

52.     As a result of Defendants' actions, and the hostile work environment created at his place of employment, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

53.     As a result of the Defendants' actions, Plaintiff has suffered economic loss.

54.     As a result of the Defendants' discriminatory and intolerable treatment, Plaintiff has suffered severe emotional distress.

55.     As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-

9

pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

56.    As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

### IV. AS AND FOR A FIRST CAUSE OF ACTION
### (Race and Religious Discrimination and Retaliation- NYS Human Rights Law)

57.    Plaintiff repeats and reiterates each and every allegation as set forth in Paragraphs 1 through 56 of this Complaint with the same force and effect as though fully set forth word for word herein.

58.    New York State Executive Law §296, also known as the New York State Human Rights Law, prohibits race and religious discrimination by an employer against an employee, as well as prohibiting retaliation against an employee who objects or complains about race discrimination.

59.    Defendants engaged in an unlawful discriminatory practice in violation of the New York State Human Rights Law by terminating the Plaintiff's employment, creating and maintaining discriminatory working conditions and a hostile work environment, discriminating against the Plaintiff because of her race, religion, and otherwise subjecting the Plaintiff to a hostile work environment.

60.    Defendants engaged in unlawful discriminatory practice by discriminating against Plaintiff because of her race, religion, and in retaliation to Plaintiff's complaints of unlawful discrimination in violation of New York State Executive Law, Human Rights Law, sections 291 and 296, et. seq.

61.    Defendants aided and abetted the discrimination against Plaintiff with regard to the terms and conditions of employment because of her race and religion and in retaliation to

10

Case 1:20-cv-10199-JPC   Document 1-1   Filed 12/03/20   Page 12 of 27

Plaintiff's complaints of unlawful discrimination in violation of New York State Executive Law, Human Rights law, sections 291 and 296, et. seq.

62.     As a result of the above conduct by Defendants, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

63.     Pursuant to the aforementioned, Plaintiff demands a monetary award of the following:

a) A monetary award of damages to Plaintiff retroactive, for all lost wages and benefits resulting from Defendants' unlawful termination of Plaintiff and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

b) A monetary award of future income to Plaintiff in an amount to be proven representing all loss of future earnings, including reasonable and expected increases, bonuses, loss of retirement income and all other benefits Plaintiff would have been expected to earn during Plaintiff s entire lifetime had it not been for Defendants' unlawful employment practice;

c) A monetary award to Plaintiff for compensatory damages for mental, emotional and physical injury, medical expenses, distress, pain, suffering and injury to Plaintiff's reputation in an amount to be proven;

d) An award to Plaintiff for attorneys' fees, costs and expenses incurred in the prosecution of this action;

e) A monetary award to Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy defendants' unlawful employment practices.

11

## V. AS AND FOR A SECOND CAUSE OF ACTION
### (Race and Religious Discrimination and Retaliation- NYC Human Rights Law)

64.     Plaintiff repeats and reiterates each and every allegation as set forth in Paragraphs 1 through 63 of this Complaint with the same force and effect as though fully set forth word for word herein.

65.     New York City Administrative Code § 8-107, et seq., also known as the New York City Human Rights Law, prohibits race and religious discrimination by an employer against an employee, as well as prohibiting retaliation against an employee who objects or complains about race discrimination.

66.     Defendants engaged in an unlawful discriminatory practice in violation of the New York City Human Rights Law by terminating the Plaintiff's employment, creating and maintaining discriminatory working conditions and a hostile work environment, discriminating against the Plaintiff because of her race, and otherwise subjecting the Plaintiff to a hostile work environment.

67.     Defendants engaged in unlawful discriminatory practice by discriminating against Plaintiff because of her race and in retaliation to Plaintiff's complaints of unlawful discrimination in violation of New York City Administrative Code § 8-107, et seq.

68.     Defendants aided and abetted the discrimination against Plaintiff with regard to the terms and conditions of employment because of her race, religion, and in retaliation to Plaintiff's complaints of unlawful discrimination in violation of New York City Administrative Code § 8-107, et seq.

69.     As a result of the above conduct by Defendants, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

12

70.     Pursuant to the aforementioned, Plaintiff demands a monetary award of the following:

a) A monetary award of damages to Plaintiff retroactive, for all lost wages and benefits resulting from Defendants' unlawful termination of Plaintiff and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

b) A monetary award of future income to Plaintiff in an amount to be proven representing all loss of future earnings, including reasonable and expected increases, bonuses, loss of retirement income and all other benefits Plaintiff would have been expected to earn during Plaintiff s entire lifetime had it not been for Defendants' unlawful employment practice;

c) A monetary award to Plaintiff for compensatory damages for mental, emotional and physical injury, medical expenses, distress, pain, suffering and injury to Plaintiff's reputation in an amount to be proven;

d) An award to Plaintiff for attorneys' fees, costs and expenses incurred in the prosecution of this action;

e) A monetary award to Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy defendants' unlawful employment practices.

## VI. AS AND FOR A THIRD CAUSE OF ACTION
### (Sex/Gender Discrimination and Retaliation- NYS Human Rights Law)

71.     Plaintiff repeats and reiterates each and every allegation as set forth in Paragraphs 1 through 70 of this Complaint with the same force and effect as though fully set forth word for

13

word herein.

72.     New York State Executive Law §296, also known as the New York State Human Rights Law, prohibits sex, gender and/or gender identity discrimination by an employer against an employee, as well as prohibiting retaliation against an employee who objects or complains about sex, gender and/or gender identity discrimination.

73.     Defendants engaged in an unlawful discriminatory practice in violation of the New York State Human Rights Law by terminating the Plaintiff's employment, creating and maintaining discriminatory working conditions and a hostile work environment, discriminating against the Plaintiff because of her sex, gender and/or gender identity, and otherwise subjecting the Plaintiff to a hostile work environment.

74.     Defendants engaged in unlawful discriminatory practice by discriminating against Plaintiff because of her sex, gender and/or gender identity in retaliation to Plaintiff's complaints of unlawful discrimination in violation of New York State Executive Law, Human Rights Law, sections 291 and 296, et. seq.

75.     Defendants aided and abetted the discrimination against Plaintiff with regard to the terms and conditions of employment because of her sex, gender and/or gender identity and in retaliation to Plaintiff's complaints of unlawful discrimination in violation of New York State Executive Law, Human Rights law, sections 291 and 296, et. seq.

76.     As a result of the above conduct by Defendants, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

77.     Pursuant to the aforementioned, Plaintiff demands a monetary award of the following:

a) A monetary award of damages to Plaintiff retroactive, for all lost wages and

14

benefits resulting from Defendants' unlawful termination of Plaintiff and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

b) A monetary award of future income to Plaintiff in an amount to be proven representing all loss of future earnings, including reasonable and expected increases, bonuses, loss of retirement income and all other benefits Plaintiff would have been expected to earn during Plaintiff s entire lifetime had it not been for Defendants' unlawful employment practice;

c) A monetary award to Plaintiff for compensatory damages for mental, emotional and physical injury, medical expenses, distress, pain, suffering and injury to Plaintiff's reputation in an amount to be proven;

d) An award to Plaintiff for attorneys' fees, costs and expenses incurred in the prosecution of this action;

e) A monetary award to Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy defendants' unlawful employment practices.

### VII.   AS AND FOR A FOURTH CAUSE OF ACTION
### (Sex/Gender Discrimination and Retaliation- NYC Human Rights Law)

78.    Plaintiff repeats and reiterates each and every allegation as set forth in Paragraphs 1 through 77 of this Complaint with the same force and effect as though fully set forth word for word herein.

79.    New York City Administrative Code § 8-107, et seq., also known as the New York City Human Rights Law, prohibits sex, gender and/or gender identity discrimination by an

15

INDEX NO. 158199/2020
Case 1:20-cv-10199-JPC   Document 1-1   Filed 12/03/20   Page 17 of 27
RECEIVED NYSCEF: 10/05/2020

employer against an employee, as well as prohibiting retaliation against an employee who objects or complains about sex, gender and/or gender identity discrimination.

80.     Defendants engaged in an unlawful discriminatory practice in violation of the New York City Human Rights Law by terminating the Plaintiff's employment, creating and maintaining discriminatory working conditions and a hostile work environment, discriminating against the Plaintiff because of her sex, gender and/or gender identity, and otherwise subjecting the Plaintiff to a hostile work environment.

81.     Defendants engaged in unlawful discriminatory practice by discriminating against Plaintiff because of her sex, gender and/or gender identity and in retaliation to Plaintiff's complaints of unlawful discrimination in violation of New York City Administrative Code § 8-107, et seq.

82.     Defendants aided and abetted the discrimination against Plaintiff with regard to the terms and conditions of employment because of her sex, gender and/or gender identity and in retaliation to Plaintiff's complaints of unlawful discrimination in violation of New York City Administrative Code § 8-107, et seq.

83.     As a result of the above conduct by Defendants, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

84.     Pursuant to the aforementioned, Plaintiff demands a monetary award of the following:

> a) A monetary award of damages to Plaintiff retroactive, for all lost wages and benefits resulting from Defendants' unlawful termination of Plaintiff and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

16

b) A monetary award of future income to Plaintiff in an amount to be proven representing all loss of future earnings, including reasonable and expected increases, bonuses, loss of retirement income and all other benefits Plaintiff would have been expected to earn during Plaintiff's entire lifetime had it not been for Defendants' unlawful employment practice;

c) A monetary award to Plaintiff for compensatory damages for mental, emotional and physical injury, medical expenses, distress, pain, suffering and injury to Plaintiff's reputation in an amount to be proven;

d) An award to Plaintiff for attorneys' fees, costs and expenses incurred in the prosecution of this action;

e) A monetary award to Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy defendants' unlawful employment practices.

## VIII.  AS AND FOR A FIFTH CAUSE OF ACTION
### (Disability Discrimination and Retaliation- NYS Human Rights Law)

85.  Plaintiff repeats and reiterates each and every allegation as set forth in Paragraphs 1 through 84 of this Complaint with the same force and effect as though fully set forth word for word herein.

86.  New York State Executive Law §296, also known as the New York State Human Rights Law, prohibits disability discrimination by an employer against an employee, as well as prohibiting retaliation against an employee who objects or complains about sex, gender and/or gender identity discrimination.

87.  On or about April 1, 2019, Plaintiff's employment with Defendants was

17

constructively and callously terminated on account of Plaintiff's disability and/or temporary disability and/or perceived disability and/or perceived temporary disability.

88.     Defendants knew that Plaintiff had a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevented the exercise of a normal bodily function or was demonstrable by medically accepted clinical or laboratory diagnostic techniques.

89.     Specifically, Defendants knew that Plaintiff had sustained back injuries resulting in extreme pain and discomfort, which affected Plaintiff's ability to perform one or more life activities.

90.     Defendants perceived that Plaintiff had a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevented the exercise of a normal bodily function or was demonstrable by medically accepted clinical or laboratory diagnostic techniques.

91.     Plaintiff had and/or has a condition regarded by others as such impairment.

92.     Defendants knew that Plaintiff had and/or has a condition regarded by others as such impairment.

93.     Defendants perceived that Plaintiff had and/or has a condition regarded by others as such impairment.

94.     Defendants failed to provide Plaintiff with any accommodation, reasonable or otherwise.

95.     Defendants conducted herein created a hostile work environment.

96.     Defendants engaged in an unlawful discriminatory practice in violation of the New York State Human Rights Law by terminating the Plaintiff's employment, creating and

18

maintaining discriminatory working conditions and a hostile work environment, discriminating against the Plaintiff because of her disability, and otherwise subjecting the Plaintiff to a hostile work environment.

97.     Defendants engaged in unlawful discriminatory practice by discriminating against Plaintiff because of her disability and in retaliation to Plaintiff's complaints of unlawful discrimination in violation of New York State Executive Law, Human Rights Law, sections 291 and 296, et. seq.

98.     Defendants aided and abetted the discrimination against Plaintiff with regard to the terms and conditions of employment because of her disability and in retaliation to Plaintiff's complaints of unlawful discrimination in violation of New York State Executive Law, Human Rights law, sections 291 and 296, et. seq.

99.     As a result of the above conduct by Defendants, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

100.     Pursuant to the aforementioned, Plaintiff demands a monetary award of the following:

> a) A monetary award of damages to Plaintiff retroactive, for all lost wages and benefits resulting from Defendants' unlawful termination of Plaintiff and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;
>
> b) A monetary award of future income to Plaintiff in an amount to be proven representing all loss of future earnings, including reasonable and expected increases, bonuses, loss of retirement income and all other benefits Plaintiff would have been expected to earn during Plaintiff s entire lifetime had it not been for

19

Defendants' unlawful employment practice;

c) A monetary award to Plaintiff for compensatory damages for mental, emotional and physical injury, medical expenses, distress, pain, suffering and injury to Plaintiff's reputation in an amount to be proven;

d) An award to Plaintiff for attorneys' fees, costs and expenses incurred in the prosecution of this action;

e) A monetary award to Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy defendants' unlawful employment practices.

### IX. AS AND FOR A SIXTH CAUSE OF ACTION
### (Disability Discrimination and Retaliation- NYC Human Rights Law)

101.    Plaintiff repeats and reiterates each and every allegation as set forth in Paragraphs 1 through 100 of this Complaint with the same force and effect as though fully set forth word for word herein.

102.    New York City Administrative Code § 8-107, et seq., also known as the New York City Human Rights Law, prohibits disability discrimination by an employer against an employee, as well as prohibiting retaliation against an employee who objects or complains about sex, gender and/or gender identity discrimination.

103.    On or about April 1, 2019, Plaintiff's employment with Defendants was constructively and callously terminated on account of Plaintiff's disability and/or temporary disability and/or perceived disability and/or perceived temporary disability.

104.    Defendants knew that Plaintiff had a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevented the

20

exercise of a normal bodily function or was demonstrable by medically accepted clinical or laboratory diagnostic techniques.

105.    Specifically, Defendants knew that Plaintiff had sustained back injuries resulting in extreme pain and discomfort, which affected Plaintiff's ability to perform one or more life activities.

106.    Defendants perceived that Plaintiff had a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevented the exercise of a normal bodily function or was demonstrable by medically accepted clinical or laboratory diagnostic techniques.

107.    Plaintiff had and/or has a condition regarded by others as such impairment.

108.    Defendants knew that Plaintiff had and/or has a condition regarded by others as such impairment.

109.    Defendants perceived that Plaintiff had and/or has a condition regarded by others as such impairment.

110.    Defendants failed to provide Plaintiff with any accommodation, reasonable or otherwise.

111.    Defendants conducted herein created a hostile work environment.

112.    Defendants engaged in an unlawful discriminatory practice in violation of the New York City Human Rights Law by terminating the Plaintiff's employment, creating and maintaining discriminatory working conditions and a hostile work environment, discriminating against the Plaintiff because of her disability, and otherwise subjecting the Plaintiff to a hostile work environment.

113.    Defendants engaged in unlawful discriminatory practice by discriminating against

21

Plaintiff because of her disability and in retaliation to Plaintiff's complaints of unlawful discrimination in violation of New York City Administrative Code § 8-107, et seq.

114.    Defendants aided and abetted the discrimination against Plaintiff with regard to the terms and conditions of employment because of her disability and in retaliation to Plaintiff's complaints of unlawful discrimination in violation of New York City Administrative Code § 8-107, et seq.

115.    As a result of the above conduct by Defendants, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

116.    Pursuant to the aforementioned, Plaintiff demands a monetary award of the following:

> a) A monetary award of damages to Plaintiff retroactive, for all lost wages and benefits resulting from Defendants' unlawful termination of Plaintiff and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;
>
> b) A monetary award of future income to Plaintiff in an amount to be proven representing all loss of future earnings, including reasonable and expected increases, bonuses, loss of retirement income and all other benefits Plaintiff would have been expected to earn during Plaintiff s entire lifetime had it not been for Defendants' unlawful employment practice;
>
> c) A monetary award to Plaintiff for compensatory damages for mental, emotional and physical injury, medical expenses, distress, pain, suffering and injury to Plaintiff's reputation in an amount to be proven;
>
> d) An award to Plaintiff for attorneys' fees, costs and expenses incurred in the

22

prosecution of this action;

e) A monetary award to Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy defendants' unlawful employment practices.

## X.  AS AND FOR A SEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

117.    Plaintiff repeats and reiterates each and every allegation as set forth in Paragraphs 1 through 116 of this Complaint with the same force and effect as though fully set forth word for word herein.

118.    Defendants intentionally and/or recklessly engaged in extreme and outrageous conduct, which resulted in Plaintiff suffering severe emotional distress.

119.    Defendants acted with specific intent and/or malice and/or reckless and/or callous disregard of Plaintiff's civil rights and Defendants' civil obligation.

120.    Defendants acted with a criminal like indifference to Plaintiff's civil rights and to Defendants' civil obligations.

121.    As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

23

**WHEREFORE**, Plaintiff demands a judgment against Defendants as follows:

a) Declaring that the Defendants engaged in unlawful employment practice prohibited by the State Common Law and New York State Executive Law §296 et. seq., and awarding Plaintiff a recovery for damages sustained;

b) Declaring that the Defendants engaged in unlawful employment practice prohibited by New York City Administrative Code § 8-107, et seq., and awarding Plaintiff a recovery for damages sustained;

c) Declaring that the Defendants harassed, discriminated against, retaliated against and terminated the Plaintiff on the basis of race and religion, and awarding Plaintiff a recovery for damages sustained in an amount in excess of the jurisdictional limits of all lower courts, said amount to be determined at a trial in this matter;

d) Awarding damages to the Plaintiff, retroactive to the date that Defendants' unlawfully terminated Plaintiff's employment, for all lost wages and benefits resulting from Defendants' unlawful employment practices in an amount that exceeds the jurisdictional limit of all lower courts;

e) Awarding Plaintiff compensatory damages for mental and emotional injuries in an amount that exceeds the jurisdictional limit of all lower courts;

f) Awarding Plaintiff punitive damages;

g) Awarding Plaintiff attorney's fees, costs and expenses; and

24

h)   Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices;

Dated: Flushing, New York
      March 26, 2020

                        Steven T. Beard, Esq.
                        Coran Ober P.C.
                        Attorneys for Plaintiff
                        25-02 Francis Lewis Boulevard
                        Flushing, New York 11358
                        (718) 767-1177

To:    Informa Support Services, Inc.
        101 Paramount Drive, Suite 100
        Sarasota, FL 34232

        Kenneth A. Erikson
        7360 Crowther CV
        Memphis, TN 38119

        Marc Levine
        101 Paramount Drive, Suite 100
        Sarasota, FL 34232

25

## ATTORNEY VERIFICATION

I, the undersigned, an attorney admitted to practice law in the Courts of the State of New York, under the penalties of perjury and pursuant to CPLR § 2106, affirm as follows:

I am the attorney of record for Plaintiff in the within action. I have read the foregoing Complaint, and know the contents thereof, and know the contents to be true based upon information and belief. My sources of my information and belief are oral statements, books and records furnished by the plaintiff, its agents and/or employees and material contained in the office files. This verification is made by me and not by plaintiff because my office is in a different county than the county in which my clients reside.

Dated: Flushing, New York
          March 26, 2020

_____
Steven T. Beard, Esq.

26